FILED
JUN 2 9 2006 rg
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

RICHARD DENNISON and STEPHEN HESANO, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

BP PRODUCTS NORTH AMERICA, INC., DENNIS ABBOTT, MARK RADLEY, CODY CLABORN and JOHN DOES 1-100,

Defendants.

06CV3541
JUDGE ZAGEL
MAGISTRATE LEVIN

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiffs, individually and on behalf of all others similarly situated, for its complaint against Defendants, upon knowledge as to themselves and their own acts, and upon information and belief as to all other matters, allege the following:

## NATURE OF ACTION

1. This complaint arises from the unlawful and anticompetitive conduct of defendants, including defendant BP NORTH AMERICA, INC. (hereinafter referred to as "Defendant"), to inflate propane contract and propane gas prices between April 1 and April 30, 2003 and January 1, 2004 to April 30, 2004 ("Class Period"). Defendant's conduct was deceptive and unfair.

2. Defendants not only inflated propane contract and propane gas prices but succeeded in manipulating and cornering the TET propane gas physical market during portions of the Class Period. See ¶ 14 for definition of TET propane.

3. As a direct result of Defendants' unlawful and anticompetitive conduct, Plaintiffs and class members have been damaged including by paying unlawfully inflated and supra-competitive prices for propane gas.

4. Plaintiffs, on their own behalf and on behalf of the class defined below, seek to recover for the injuries to themselves. Plaintiffs also seek injunctive and declaratory relief and costs, including reasonable attorneys' fees.

## JURISDICTION AND VENUE

5. This court has jurisdiction pursuant to 28 USC §1332(d), in that this is a class action in which the matter of controversy exceeds the sum of $5,000,000, exclusive of interest and costs, and which some members of the proposed class are citizens of a different state than of the defendant. Further, the Defendant is and always has been throughout the class period a "citizen" of the State of Illinois pursuant to 28 USC §1332.

6. Venue is proper pursuant to 28 USC §1391(a) because Defendant resides in the State of Illinois, and Defendant has purposely availed themself to the laws of the State of Illinois and is subject to personal jurisdiction in this District. Also, a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

7. Plaintiff Richard Dennison ("Dennison") is a resident of New York. During the class period, Dennison purchased propane gas, including TET propane gas.

8. Plaintiff Stephen Hesano ("Hesano") is a resident of Michigan. During the class period, Hesano purchased propane gas, including TET propane gas.

9. Plaintiffs Dennison and Hesano are herein collectively referred to as "Plaintiffs".

10. Defendant BP North America, Inc. is a wholly owned subsidiary of BP Plc. BP is the largest supplier of natural gas liquids, including propane, in North America. BP North America, Inc.'s headquarters are located at 28100 Torch Parkway, Warrenville, Illinois.

11. Defendant conducts business throughout the United States including the State of Illinois and it has purposely availed themselves of the laws of the Indirect Purchaser States as defined herein.

## FACTUAL ALLEGATIONS

### A. Government Suits instituted against defendants

12. On June 28, 2006, the United States Futures Trading Commission filed suit against Defendant for violation of the Commodity Exchange Act in the Northern District of Illinois for the conduct complained about above.

13. On June 28, 2006, defendant Abbott pled guilty to conspiring to manipulate and corner.

### Background

14. "TET" is an acronym for Texas Eastern Transmission Corporation. "TET propane" means propane that is deliverable at the TEPPCO storage facility in Mont Belvieu, Texas or anywhere within the TEPPCO system. "TEPPCO" is an acronym for Texas Eastern Products Pipeline Co., LLC.

15. The Northeast and Midwest section of the United States are serviced with propane gas primarily from the TEPPCO system. When the prices of propane rise rapidly, persons are unable to switch to an alternate fuel source and are forced to pay the price that is offered even when it is much higher than previously paid prices.

16. TET propane is propane that delivered on the TEPPCO pipeline that runs through Illinois, Ohio, Pennsylvania, and New York. The pipeline begins in Mount Belvieu, Texas. The TEPPCO pipeline is the only pipeline that serves the Northeast section of the United States.

**B. Defendant's Market Share and Consumer Purchases**

17. TET propane is regarded by many as a distinct form of propane recognized by the propane industry. TET propane has distinct prices that are distinguishable from other types of propane.

18. Propane gas can be purchased for a variety of purposes including home heating. Propane used in residential/commercial heating and in petrochemical industry comprises the largest usage sectors of TET propane gas. 43% of the domestic demand is for residential and commercial purposes. The major purpose is heating in areas that are not able to obtain service for natural gas (i.e. rural areas).

**C. Defendant's Trading of TET propane**

19. Propane futures contracts are traded on the New York Mercantile Exchange ("NYMEX"). Propane is also traded on the over the counter ("OTC") markets.

20. Before April 2003 and, again, during or before January 2004, Defendant began to build a large long position in TET physical propane. A long position is where a

company's obligation to buy and receive propane is greater than its obligation to sell and deliver a particular commodity. Thereby, defendants inflated propane gas prices.

21. Also at these times, Defendant began to build a large long position in April 2003 and February 2004 TET futures. In both instances, Defendant worked through the individual defendants.

22. Defendant had an interest in higher physical prices because of its large position during the Class Period.

23. Moreover, by February 2004, Defendant cornered the market for February 2004 contracts that required delivery of TET propane during February 2004. In addition, Defendant through the individual defendants and other employees purchased large amounts of physical TET propane so that it could effectively corner the market for TET propane.

24. Defendant was able to sell its long futures contract at artificial prices because it controlled the February 2004 future contract market and at the same time the physical market for TET propane. Short February 2004 future contract holders had to pay these artificially high prices to cover their contract obligations.

25. As a result of Defendant's voluntary and intentional acts to artificially raise prices of propane gas prices, including TET propane gas prices, prices were raised to supra-competitive levels that would not have existed but for Defendant's conduct.

**PLAINTIFFS' INJURY**

26. Plaintiffs and the Class members (defined below) have been damaged as a direct, foreseeable, and proximate result of Defendants' misconduct. Plaintiffs and the

Class members have been forced to pay supra-competitive prices for propane gas, including TET propane gas as a direct and proximate result of Defendant's conduct.

## CLASS ACTION ALLEGATIONS

27. Plaintiffs bring this action as a Class action pursuant to Federal Rule of Civil Procedure 23(b)(3), on behalf of a Class consisting of: all persons or entities who purchased propane contracts or propane gas, including TET contracts and propane gas, in Illinois, Indiana, Pennsylvania and the Indirect Purchaser States (defined below) during the Class Period. The Class excludes Defendants, any co-conspirators and their parents, subsidiaries, affiliates, officers, directors, and employees. Also excluded are any federal, state or local governmental entity, and any judge or judicial officer presiding over this matter, judicial staff and the members of their immediate families.

28. For purposes of the Complaint and class definition, the "Indirect Purchasers States" are Alaska, Arizona, Arkansas, California, the District of Columbia, Florida, Idaho, Iowa, Kansas , Maine, Michigan, Montana, Minnesota, Mississippi, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.

29. The Class is so numerous that joinder of all members is impracticable. Due to the nature of the trade and commerce involved, the members of the Class are geographically dispersed throughout the Indirect Purchaser States. While the exact number of the members of the Class is unknown to Plaintiffs at this time, Plaintiffs believe, based on the sales volume of propane gas, that there are hundreds of thousands or more members of the Class.

30. Plaintiffs' claims are typical of the claims of the other members of the Class it seeks to represent. Defendants' illegal and inequitable methods, acts and trade practices have targeted and affected all members of the Class in a similar manner, *i.e.*, they have been overpaying for propane gas. Plaintiffs and members of the Class it seeks to represent have all sustained damages arising out of Defendants' conduct in violation of the Indirect Purchaser States laws, as complained of herein.

31. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

(a) Whether the alleged conduct violated the Indirect Purchaser States laws concerning antitrust as alleged in Count I of this Complaint;

(b) Whether the alleged conduct violated the Indirect Purchaser States laws on consumer protection as alleged in Count II;

(c) Whether Plaintiffs and the Class have a claim for unjust enrichment;

(d) The duration and extent of any such violations or unlawful conduct alleged herein;

(e) The amount by which Defendants' illegal, inequitable and unfair trade practices have inflated the prices paid by members of the Class for propane gas, including TET propane gas, over the amounts they would have paid in a competitive market unaffected by Defendants' illegal acts; and

(f) Whether Defendants' conduct caused injury to Plaintiffs and the Class members it seeks to represent and, if so, the proper measure of damages.

32. Plaintiffs' claims are typical of those of the Class it represents because it and all of the Class members were injured in the same manner by Defendants' illegal and unfair methods, acts and practices and wrongful conduct in the conspiracy complained of herein, *i.e.*, they have paid supra-competitive prices for propane gas, including TET propane gas.

33. Plaintiffs will fully and adequately protect the interests of all members of the Class. Plaintiffs have retained counsel who is experienced in class action and antitrust litigation. Plaintiffs have no interests which are adverse to or in conflict with other members of the Class.

34. The questions of law and fact common to the members of the Class predominate over any questions which may affect only individual members.

35. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all class members is impracticable. The prosecution of separate actions by individual members of the Class would impose heavy burdens upon the courts, and would create a risk of inconsistent or varying adjudications of the questions of law and fact common to the Class. A class action, on the other hand, would achieve substantial economies of time, effort and expense, and would assure uniformity of decision with respect to persons similarly situated without sacrificing procedural fairness or bringing about other undesirable results.

36. The interest of members of the Class in individually controlling the prosecution of separate actions is theoretical rather than practical. The Class has a high degree of cohesion, and prosecution of the action through representatives would be

unobjectionable. The damages suffered by the individual class members may be relatively small and therefore the expense and burden of individual litigation make it virtually impossible for them to redress the wrongs done to them. Plaintiffs anticipate no difficulty in the management of this action as a class action.

## FRAUDULENT CONCEALMENT

37. The running of any statute of limitations has been suspended with respect to any claims which the Plaintiffs and the other members of the Class have sustained as a result of the unlawful and anticompetitive conduct of defendants alleged herein and with respect to their rights to injunctive relief by virtue of the federal doctrine of fraudulent concealment.

## COUNT I

### Violation of State Antitrust Statutes

38. Plaintiffs reallege and incorporate by reference all of the allegations of this Complaint with the same force and effect as if fully restated herein.

39. Defendant's intentional and purposeful anti-competitive acts that are described above, including but not limited to the actual act of cornering the futures market for propane gas, including TET propane gas caused and was intended to cause Plaintiffs to pay supra-competitive prices for TET propane gas in the Indirect Purchaser States.

40. Defendants' monopolistic and anticompetitive acts as described above are in violation of the following state antitrust statutes:

41. Defendants have violated Arizona Revised Statutes § 44-1403.

42. Defendants have violated California Business & Professions Code § 16700, *et. seq.*

43. Defendants have violated District of Columbia Code § 28-4503.

44. Defendants have violated Florida Statutes § 542.19.

45. Defendants have violated Iowa Code § 553.5.

46. Defendants have violated Kansas Statutes § 50-101.

47. Defendants have violated Maine Revised Statutes, Title 10 § 1102.

48. Defendants have violated Michigan Compiled Laws § 445.773.

49. Defendants have violated Minnesota Statutes § 325D.52.

50. Defendants have violated Mississippi Code § 75-21-1, *et seq.*

51. Defendants have violated Nevada Revised Statutes § 598A.060.

52. Defendants have violated New Jersey Statutes § 56:9-4.

53. Defendants have violated New Mexico Statutes § 57-1-2.

54. Defendants have violated New York General Business Law § 340, *et. seq.*

55. Defendants have violated North Carolina General Statutes § 75-2.1.

56. Defendants have violated North Dakota Century Code § 51-08.1-03.

57. Defendants have violated South Dakota Codified Laws § 37-1-3.2.

58. Defendants have violated Tennessee Code § 47-25-101, *et. seq.*

59. Defendants have violated Vermont Statutes, Title 9, § 2453.

60. Defendants have violated West Virginia Code § 47-18-4.

61. Defendants have violated Wisconsin Statutes § 133.03.

62. Plaintiffs and the Class seek actual damages for their injuries caused by these violations in an amount to be determined at trial. Plaintiffs and the Class seek

treble damages pursuant to the Indirect Purchaser States antitrust laws as stated above where they are allowed.

63. Defendants' willful and unlawful conduct allow Plaintiffs and the Class to seek attorneys' fees in the Indirect Purchaser States where they allowed by law. Plaintiffs and the Class seek attorneys' fees where they are allowed by law.

**COUNT II**

**Violation of State Consumer Protection Statutes**

64. Plaintiffs reallege and incorporate by reference all of the allegations of this Complaint with the same force and effect as if fully restated herein.

65. The deceptive practices of the Defendant as alleged above included but is not limited to Defendants cornering the futures TET propane gas market (unknown to the general consumer public). Defendants' deceptive and anti-competitive conduct resulted in higher consumer prices for TET propane gas because of supra-competitive pricing as a direct and proximate result of Defendant's anti-competitive conduct.

66. Defendants' acts as described above are in violation of the following state Consumer Protection statutes.

67. Defendants have violated Alaska Statutes § 45.50.471, *et seq.*

68. Defendants have violated Arkansas Code § 4-88-101, *et seq.*

69. Defendants have violated California Business & Professions Code § 17200, *et. seq.*

70. Defendants have violated District of Columbia Code § 28-3901.

71. Defendants have violated Florida Statutes § 501.201.

72. Defendants have violated Idaho Code § 48-601

73. Defendants have violated Indiana Code § 27-4-1, *et seq.*

74. Defendants have violated Illinois Compiled Statutes § 815 ILCS 505, *et seq.* and 815 ILCS 510, *et seq.*

75. Defendants have violated Maine Revised Statutes, Title 5 § 207, *et seq.*

76. Defendants have violated Montana Code § 30-14-101, *et seq.*

77. Defendants have violated Nebraska Revised Statutes § 59-1601, *et seq.*

78. Defendants have violated Nevada Revised Statutes § 598.0903, *et seq.*

79. Defendants have violated New Hampshire Revised Statutes § 358-A:1, *et seq.*

80. Defendants have violated New Mexico Statutes § 57-12-1, *et. seq.*

81. Defendants have violated North Carolina General Statutes § 75-1.1, *et. seq.*

82. Defendants have violated Pennsylvania Statutes 73 P.S. § 201-1, *et seq.*

83. Defendants have violated Utah Code § 13-11-1, *et seq.*

84. Defendants have violated Vermont Statutes, Title 9, § 2451, *et. seq.*

85. Defendants have violated West Virginia Code § 46A-6-101, *et seq.*

86. Plaintiffs and the Class seek actual damages for their injuries caused by these violations in an amount to be determined at trial.

87. Defendants' willful and unlawful conduct allow Plaintiffs and the Class to seek attorneys' fees in the Indirect Purchaser States where they allowed by law. Therefore, Plaintiffs and the Class seek attorneys' fees where they are allowed by law.

**COUNT III**

**Unjust Enrichment**

88. Plaintiffs reallege and incorporate by reference all of the allegations of this Complaint with the same force and affect as if fully restated herein.

89. Defendant benefited greatly from its cornering of the TET propane gas futures market caused directly from their unlawful and anti-competitive acts as described above. It would be inequitable for Defendants to retain the benefit of these overpayments.

90. Plaintiffs and the Class are entitled to return of these overpayments caused by the willful acts of the Defendants either as damages or restitution.

**COUNT IV**

**Common Law Restraint of Trade for Class Members in the State of New York Only**

91. Plaintiffs reallege and incorporate by reference all of the allegations of this Complaint with the same force and affect as if fully restated herein.

92. Defendants as a result of their purposeful actions of obtaining a large long position had a dominant and controlling position in the February 2004 TET propane futures contract market.

93. These intentional acts included but are not limited to artificially raising the prices for TET propane February 2004 futures contracts and physical prices for propane, including TET propane.

94. The intentional and unlawful acts of Defendants were designed to and actually caused Defendants to artificially raise the price of physical propane, including TET propane and TET propane futures contracts within the State of New York.

unlawful and anticompetitive conduct of defendants.

95. As proximately and directly caused by Defendants' intentional and unlawful acts to restrain trade, Plaintiffs had to pay supra-competitive prices for propane, including TET propane.

96. Plaintiffs and the Class seek actual damages in an amount to be determined at trial for injuries suffered as a result of the allegations stated herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and the Class request as follows:

(a) that this Court declare, adjudge, and decree this action to be a proper class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Class defined herein;

(b) that this Court declare, adjudge, and decree that Defendant has committed violations of state antitrust and consumer protection laws alleged herein;

(c) that this Court declare, adjudge, and decree that Defendant has committed violations of New York common law restraint of trade alleged herein;

(d) that this Court award Plaintiffs and the Class their actual damages for Defendant's restraint of trade or commerce pursuant to New York common law, in an amount to be determined at trial;

(e) that this Court award Plaintiffs and the Class treble damages for Defendant's violation of Indirect Purchaser States' antitrust laws in an amount to be determined at trial;

(f) that this Court award Plaintiffs and the Class their actual damages for Defendant's violation of Indirect Purchaser States' Consumer Protection Statutes, in an amount to be determined at trial;

(g) that this Court grant Plaintiffs and the Class the actual costs in prosecuting this action, together with interest and reasonable attorney's fees and costs;

(h) that this Court award Plaintiffs and the Class the return of overpayments made by them;

(i) that this Court grant such further and other relief as this Court deems just and proper.

DATED: Chicago, Illinois
June 29, 2006

**MILLER FAUCHER CAFFERTY and LLP**

By: ______________________

Marvin A. Miller, Esq.
Patrick E. Cafferty
Jennifer W. Sprengel
Matthew E. VanTine
30 North La Salle Street
Suite 3200
Chicago, Illinois 60602
Telephone: (312) 782-4880
Facsimile: (312) 782-4485

***Designated Local Counsel***

**LOVELL STEWART HALEBIAN LLP**

Christopher Lovell
Craig Essenmacher
Imtiaz Siddiqui
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 608-1900
Facsimile: (212) 719-4677

***Attorneys for Plaintiffs***