**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE BP PROPANE INDIRECT PURCHASER ANTITRUST LITIGATION<br>______________________________________<br>This Document Relates To:<br><br>ALL INDIRECT PURCHASER ACTIONS | No. 06-C-3541<br><br>Honorable James B. Zagel |

**ORDER CERTIFYING SETTLEMENT CLASS, PRELIMINARILY APPROVING PROPOSED SETTLEMENT, APPOINTING LEAD COUNSEL, SCHEDULING HEARING FOR FINAL APPROVAL THEREOF, AND APPROVING THE PROPOSED NOTICE TO THE SETTLEMENT CLASS**

WHEREAS, a consolidated class action is pending before the Court entitled *In re BP Propane Indirect Purchaser Antitrust Litigation*, No. 06-C-3541, MDL No. 1946, and includes the Consolidated Complaint, Document No. 94 filed in this Action with the United States District Court for the Northern District of Illinois, Eastern Division on April 4, 2008, as well as the separate complaints, actions, and claims consolidated into the Consolidated Complaint, and previously filed as: (a) *Cassells, et al. v. BP Products North America, Inc., et al.*, No. 06 CV 3837 (N.D. Ill.); (b) *Dennison, et al. v. BP Products North America, Inc., et al.*, No. 06 CV 3541 (N.D. Ill.); (c) *Guin v. BP Products North America, Inc.*, No. 07 CV 3531 (N.D. Ill.); (d) *Halpern v. BP Products North America, Inc., et al.*, No. 06 CV 4736 (N.D. Ill.); (e) *Levin v. BP Products North America, Inc.*, No. 06 CV 3570 (N.D. Ill.); (f) *Meharg v. BP Products North America, Inc., et al.*, No. 06 CV 5293 (N.D. Ill.); (g) *Mowers v. BP Products North America, Inc.*, No. 06 CV 4680 (N.D. Ill.); (h) *Nebel v. BP Products North America, Inc., et al.*, No. 06 CV 4363 (N.D. Ill.); (i) *Plaut, et al. v. BP Products North America, Inc., et al.*, No. 06 CV 4577

(N.D. Ill.); (j) *Ridgway v. BP Products North America, Inc., et al.*, No. 06-6108 (N.D. Ill); (k) *Sydor v. BP Products North America, Inc.*, No. 06 CV 4188 (N.D. Ill.); (l) *Terry v. BP Products North America, Inc.*, No. 06 CV 3551 (N.D. Ill.); (m) *White v. BP Products North America, Inc.*, No. 06 CV 6994 (N.D. Ill.); and (n) *Withum v. BP Products North America, Inc.*, No. 06 CV 3744 (N.D. Ill.) (the "Action");

WHEREAS, the Court has received the Indirect Purchaser Settlement Agreement dated as of October 20, 2009 (the "Settlement Agreement"), that has been entered into by Plaintiffs and Defendant BP America, Inc. ("BP");

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement;

WHEREAS, the Court has before it a motion for certification of a settlement class, for appointment of Lead Counsel for the settlement class, for preliminary approval of a proposed settlement between Plaintiffs and Defendant BP America, Inc. ("BP"), for authorization to disseminate notice to the Settlement Class, and for setting a hearing for final approval of the proposed settlement; and

WHEREAS, the Court has considered the Motion and is duly advised.

NOW, THEREFORE, IT IS HEREBY ORDERED AND DECREED that:

1. The Motion is GRANTED.

<u>Preliminary Approval of Settlement Agreement</u>

2. The Court finds, subject to final determination following a hearing on notice to potential class members, that the proposed settlement with BP set forth in the Settlement Agreement is sufficiently fair, reasonable and adequate such that notice of the settlement should

be provided to the Settlement Class (defined in paragraph 3 of this Order) and a hearing should be held as provided in paragraph 17 of this Order.

Class Certification

3. For purposes of the settlement, the Court certifies the following Settlement Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3):

> All persons or entities, including but not limited to individuals, companies, corporations, partnerships, joint ventures, agents, principals, and employees, who purchased Propane from a person or entity other than the BP Releasees or any Producer in April 2003 or during the period February 1, 2004 through March 31, 2004. Excluded from the Indirect Purchaser Class are the BP Releasees.

4. For purposes of disseminating notice of the settlement, and subject to final approval of the settlement at the hearing described in paragraph 17 of this Order, the Court finds and concludes for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are question of law or fact common to the Settlement Class; (c) Plaintiffs and Lead Counsel (defined below) will fairly and adequately represent the Settlement Class; and (d) common issues predominate over any individual issues affecting the members of the Settlement Class. The Court further finds that Plaintiffs' interests are aligned with the interests of all other members of the Settlement Class. The Court also finds settlement of this action on a class action basis superior to other means of resolving this matter. The Court appoints the law firms of Lovell Stewart Halebian LLP, Chairman; Futterman Howard Watkins Wylie & Ashley, Chtd.; Wexler Wallace LLP; Kirby McInerney LLP; and Miller Law LLC as Lead Counsel, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment. Richard Dennison, Stephen Hesano, Michael Withum, Gregory Sydor, Myles Levin, Gateway FS, Inc., Scott Mehrag, James

Marcello, Drew Halpern, Donald Mowers, Kurt Nebel, Donald and Jennifer Terry, H. Steven Plaut, David A. Mullins III, David Guin, Craig Ridgway, Anita White and Ideal Bottle Gas, Inc. will serve as Class Representatives on behalf of the Settlement Class.

Notice to Potential Class Members

5. The Court approves the Notice of Pendency and Proposed Settlement of Class Action (the "Settlement Notice"), Summary Notice for publication, Postcard Notice, the Plan of Allocation and the Proof of Claim annexed as Exhibits C through G to the Settlement Agreement, and finds that the mailing and distribution of the Settlement Notice and Postcard Notice and publication of the Summary Notice substantially in the manner and form set forth in paragraphs 8 and 9 of this Order comply fully with the requirements of the Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances, as well as due and sufficient notice to all persons entitled thereto.

6. Rust Consulting, Inc. ("Administrator") is appointed Escrow Agent for the settlement and is approved to supervise and administer the notice procedure as well as the processing of claims. The Administrator will be responsible for: (a) establishing a P.O. Box, information telephone line and website (to be included in the Settlement Notice, Postcard Notice and Summary Notice) for the purpose of communicating with Settlement Class members; (b) disseminating the Settlement Notice, Plan of Allocation and Proof of Claim to the Settlement Class members; (c) accepting and maintaining documents sent from the Settlement Class members including exclusion requests, Proof of Claim forms, and other documents relating to claims administration; and (d) administering claims for allocation of funds among Settlement Class members.

7. The Administrator shall cause a Settlement Notice, Plan of Allocation, and Proof of Claim (with exhibits), in the form provided as Exhibits C, F and G to the Settlement Agreement, to be: (a) mailed by first class mail, postage prepaid or e-mailed no later than twenty (20) days following the entry of this Order to all members of the Settlement Class identified by the Parties through reasonable efforts; and (b) provided to all persons who request it, in response to the published Summary Notice provided for in paragraph 8 herein or otherwise. The Settlement Notice and Proof of Claim form shall state that, to be timely, Proof of Claim forms must be received by the Administrator no later than one hundred sixty (160) days from the date of entry of this Order.

8. Lead Counsel shall cause a Summary Notice in the form of Exhibit D annexed to the Settlement Agreement to be published commencing no later than twenty-seven (27) days after the date of entry of this Order, or as soon thereafter as is feasible, on two separate occasions (at least six (6) days apart) in *USA Today*.

9. Lead Counsel shall also cause the Settlement Notice to be published on a website operated by the Administrator established for the purpose of this settlement, www.BP IndirectPropaneSettlement.com (the "Settlement Website") within twenty (20) days after the entry of this Order. The Settlement Notice, Postcard Notice and the Summary Notice will direct Settlement Class members to the Settlement Website, and the Administrator shall make available on the Settlement Website: (i) the Settlement Notice; (ii) an electronic Proof of Claim form; and (iii) a list of critical dates and deadlines in the settlement process.

10. Settlement Class members will be advised in the Settlement Notice, Postcard Notice and Summary Notice of their right to exclude themselves from the Settlement Class and

instructed in the Settlement Notice, in summary form in the Summary Notice, and on the Settlement Website as to the procedure for submitting a request for exclusion.

11. No later than seven (7) days before the date of the final approval hearing, Lead Counsel shall cause to be filed with the Clerk of the Court, and served upon counsel for BP, one or more affidavits or declarations of the person or persons under whose general direction the mailing of the Settlement Notice, Plan of Allocation and Proof of Claim form and the publication of the Summary Notice were made, showing that the mailing and publication were made in accordance with this Order. The Administrator shall maintain accurate records of the individual Settlement Class members to which the Administrator mails a Settlement Notice, Plan of Allocation and Proof of Claim, and of any such mailed notice packets that are returned to the Administrator as undeliverable.

12. The foregoing notice provisions are hereby found to be the best means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement Agreement and the Final Approval Hearing to all persons affected by and/or entitled to participate in the Settlement Agreement, in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

Claims Administration

13. Any requests for exclusion from the Settlement Class must comply with all procedures pertaining thereto specified in the Settlement Notice and be received by the Administrator no later than sixty-five (65) days after the date of entry of this Order. Promptly after receipt of all requests for exclusion, the Administrator shall serve upon

Lead Counsel and counsel for BP a report identifying all persons and entities that timely and validly requested exclusion from the Settlement Class.

14. Any Settlement Class member who does not timely and validly request exclusion from the Settlement Class in accordance with the procedures specified in the Settlement Notice shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable and regardless of whether such Settlement Class member submits a Proof of Claim.

15. Any objections to the settlement, or to any petition for award of attorneys' fees, reimbursement of expenses, or incentive awards to Class Representatives must comply with all procedures pertaining thereto in the Settlement Notice and must be filed with the Court and served on Lead Counsel and counsel for BP no later than sixty-five (65) days after the date of entry of this Order. Any person who fails to timely object in the manner described in the Settlement Notice shall be deemed to have waived such objection in this or any other action or proceeding and shall be bound by all terms and provisions of the settlement and by all proceedings, orders and judgments related thereto.

The Final Approval Hearing

16. No later than forty-five (75) days after the date of entry of this Order, Lead Counsel shall move for final approval of the settlement and may petition for award of attorneys' fees from the Settlement Fund, reimbursement from the Settlement Fund of expenses (including, but not limited to, expert witness fees, transcripts, photocopying costs, travel costs, and other necessary expense), and incentive awards to Class Representatives from the Settlement Fund. Any such petition will be addressed at the Final Approval Hearing.

17. The Court will hold a hearing (the "Final Approval Hearing") on February 11, 2010 at 11:00 a.m., at the Everett McKinley Dirksen Building, 219 South Dearborn Street, Courtroom 2503, Chicago, Illinois, 60604. At the Final Approval Hearing, the Court will consider matters relating to the settlement, including among others:

(a) final approval of the settlement as fair, reasonable, and adequate;

(b) approval of expenses incurred and/or paid in connection with the provision of notice pursuant to this Order and administration of the Settlement Class to the extent not already authorized herein;

(c) an award of attorneys' fees to Lead Counsel;

(d) reimbursement of reasonable expenses to Lead Counsel; and

(e) incentive awards to Class Representatives.

Any Settlement Class member who complies with the procedure set forth in the Settlement Notice may appear and be heard at the Hearing. The Hearing may be continued without further notice to the Settlement Class.

18. All reply papers in support of final approval of the settlement or any petition for award of attorneys' fees, reimbursement of expenses, or incentive awards to Class Representatives must be filed at least seven (7) days before the date of the Hearing set forth above.

Other Provisions

19. All funds held by the Administrator shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Settlement Agreement and further order(s) of the Court.

20. The Settlement Fund shall be a trust under Illinois law and, to the extent it is held at a financial institution designated by Lead Counsel or the Administrator, it shall be established as a fiduciary account and administered in accordance with the provisions of Section F of the Settlement Agreement. The Court approves the establishment of the escrow account under the Settlement Agreement as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Lead Counsel are, in accordance with the Settlement Agreement, authorized to expend funds from the QSF for payment of taxes, notice costs, and related expenses.

21. BP, the BP Releasees and BP's counsel shall not have any responsibility for the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Lead Counsel.

22. The Action is stayed except as to matters related to the Settlement Agreement, implementation of the Settlement contemplated by it, or matters related to the Settlement Fund, including applications for attorneys' fees, reimbursement of expenses, and incentive awards to Class Representatives.

23. All other Indirect Purchaser litigation pending in this Court or hereafter commenced in this Court is hereby stayed pending further order of the Court following the Final Approval Hearing. Further, Plaintiffs and Settlement Class members are hereby preliminarily enjoined, until such Final Approval Hearing, from commencing or proceeding with any action against BP or any of the other BP Releasees that includes allegations or claims on account, or arising out of, relating to, or based on conduct alleged or asserted in this Action.

24. If the Settlement Agreement is not approved by the Court, or is terminated in accordance with its provisions, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, except insofar as expressly provided to the contrary in the Settlement Agreement, and without prejudice to the *status quo ante* rights of Plaintiffs, BP and the members of the Settlement Class.

ENTER:

James B. Zagel

James B. Zagel
United States District Judge

DATE: November 6, 2009