**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE BP PROPANE INDIRECT PURCHASER ANTITRUST LITIGATION | No. 06-C-3541 |
| | Honorable James B. Zagel |
| This Document Relates To: | |
| ALL INDIRECT PURCHASER ACTIONS | |

**FINAL ORDER AND JUDGMENT**

This matter came for a duly-noticed hearing on February 10, 2010 (the "Final Approval Hearing"), upon the Indirect Purchaser Plaintiffs' Motion for Final Approval of Settlement with Defendant BP America, Inc., ("BP")(the "Motion"). Due and adequate notice of the Settlement Agreement, Judgment, and Final Approval Hearing having been given to the members of the Settlement Class, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, and a determination having been made expressly pursuant to Rule 54(b) of the Federal Rules of Civil Procedure that there is no justification for delay, and it having therefore been expressly directed that final judgment accordingly be made, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Final Order and Judgment hereby incorporates by reference the definitions in the Indirect Purchaser Settlement Agreement dated October 20, 2009 (the "Settlement Agreement"), and all terms used herein shall have the same meanings as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including the members of the Settlement Class certified by Order of the Court dated November 6, 2009 (the "Settlement Class").

3. The Court finds that due and adequate notice has been provided pursuant to Rule 23 of the Federal Rules of Civil Procedure to all members of the Settlement Class, notifying the Settlement Class of, among other things, the pendency of this action and the proposed settlement with BP. The notice provided was the best notice practicable under the circumstances and included individual notice to those Indirect Purchaser Class members who the Parties were able to identify through reasonable efforts. Notice was also given by publication twice in the national edition of *USA Today*, published in numerous publications targeted to reach several categories of indirect propane purchasers, postcard notice and included on a website, all as set forth in the Declaration of Thomas Glenn previously submitted. Such notice fully complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process of law.

4. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all members of the Settlement Class, advising them of the pendency of this action, the Settlement, the Plan of Allocation, and plaintiffs' Counsel's right to apply for attorney's fees and reimbursement of expenses associated with the Action, and of their right to object thereto, and a full and fair opportunity was accorded to all Settlement Class members to be heard with respect to the foregoing matters. Thus, it is hereby determined that all Settlement Class members who did not timely and validly elect to exclude themselves by written communication postmarked or delivered on or before the date set forth in the Settlement Notice and the Order Certifying Settlement Class, Preliminarily Approving Proposed Settlement, Appointing Lead Counsel,

Scheduling Hearing For Final Approval Thereof, And Approving The Proposed Notice To The Settlement Class ("Notice Order"), are bound by this Final Order and Judgment.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the settlement, as set forth in the Settlement Agreement, and finds that the settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class, including Plaintiffs. This Court further finds that the settlement set forth in the Settlement Agreement is the result of arms' length negotiations between experienced counsel representing the interests of Plaintiffs, the Settlement Class, and BP. Accordingly, the settlement embodied in the Settlement Agreement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Settlement Agreement. In this regard, the Court also finds that the Plan of Allocation set forth in the Settlement Notice is fair, reasonable and adequate to the Settlement Class.

6. The Court finds that the Settlement Class members identified on the schedule attached hereto as Exhibit A, and no others, have timely and validly requested to be excluded from the Settlement Class and accordingly are not included in or bound by this Final Order and Judgment.

7. Except as to any individual claim of those persons identified in Exhibit A attached hereto, the Action is dismissed on the merits with prejudice as to all defendants, without costs to any party as against any other. This Final Order and Judgment is being entered in order to allow the Parties to enforce it and the Parties should not be allowed to reopen issues resolved by this judgment.

8. The Settlement Fund has been established as a trust under Illinois law, which has been established as a Settlement Fiduciary Account. The Court further approves the

establishment of the Settlement Fiduciary Account under the Settlement Agreement as a qualified settlement fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

9. The Court reserves exclusive jurisdiction, without affecting in any way the finality of this Final Order and Judgment, over the implementation and enforcement of the Settlement Agreement and the settlement contemplated thereby (including any issue that may arise in connection with the formation and/or administration of the qualified settlement fund described in paragraph 8 above) and determining any disputes that may arise with respect to the Settlement Agreement, the settlement, or the Settlement Fund.

10. Plaintiffs and all Settlement Class members, the successors and assigns of any of them, and anyone claiming through or on behalf of any of them, whether or not they execute and deliver a proof of claim, are hereby permanently enjoined from commencing, instituting, causing to be instituted, assisting in instituting or permitting to be instituted on his, her or its behalf, whether directly, derivatively, representatively or in any other capacity, any proceeding in any state or federal court, in or before any administrative agency, or any other proceeding or otherwise alleging or asserting against the BP Releasees, individually or collectively, any of the claims released in this Order and in the Settlement Agreement.

11. Consistent with the Settlement Agreement, the BP Releasees are hereby released and forever discharged, individually and collectively, from liability for any and all claims, demands, actions, suits, obligations, promises, liabilities or costs of any kind, including but not limited to any tort claims, contract claims, statutory claims, controversies, actions, causes of action, declaratory judgment actions, cross-claims, counterclaims, demands, debts, claims for damages, liquidated damages, trebled, punitive or exemplary damages, fines or penalties,

equitable relief, expenses and/or attorneys' fees, or liabilities of any nature whatsoever in both law or in equity, whether class, individual, or otherwise in nature, that Releasors, or each of them, ever had, now has, or hereafter can, shall, or may have, against the BP Releasees, whether known or unknown, suspected or claimed, on account, or arising out of, relating to or based on conduct alleged or asserted in the Action.

12. Nothing in the Settlement Agreement or this Order shall be construed to release the claims of Direct Purchaser Class Members, as defined in Section A, paragraph 7, of the Direct Purchaser Settlement Agreement dated January 7, 2009 and filed as Document No. 111-2 in *In re BP Propane Direct Purchaser Antitrust Litigation*, Case No. 1:06-CV-3621, MDL No. 1946 (N.D. Ill.), including any entity that exercised its right to Opt Out of the Direct Purchaser Class, as defined by Section A, paragraph 18 of the Direct Purchaser Settlement Agreement. The intent and effect of this Order and the Preliminary Approval Order, dated November 6, 2009, are to encompass all possible claims relating to the Action, as defined by Section A, paragraph 1 of the Agreement.

13. The BP Releasees, individually and collectively, are hereby discharged from all claims for contribution by any person or entity, whether arising under state, federal or common law, based upon, arising out of, relating to, or in connection with the released claims of the Settlement Class or any Settlement Class member. Accordingly, the Court hereby bars all claims for contribution against the BP Releasees, individually and collectively, by any person or entity.

14. The Settlement is not a concession or admission, and shall not be used against the BP Releasees, individually or collectively, as an admission or indication with respect to any claim of any fault or omission by the BP Releasees, individually or collectively. Neither the

Settlement Agreement, nor any document, statement, proceeding or conduct related to the Settlement, nor any reports or accounts thereof, shall in any event be:

a. Construed as, offered or admitted in evidence as, received as or deemed to be evidence for any purpose adverse to the BP Releasees, individually or collectively, including but not limited to, evidence of a presumption, concession, indication or admission by the BP Releasees, individually and collectively, of any liability, fault, wrongdoing, omission, concession or damage; or

b. Disclosed, referred to, or offered or received in evidence against the BP Releasees, individually or collectively, in any further proceeding in the Action, or in any other civil, criminal or administrative action or proceeding, except for purposes of settling the Action pursuant to the Settlement Agreement.

15. As of the date this Final Order and Judgment is signed, all dates and deadlines associated with the Action shall be stayed, other than those related to the administration of the settlement of the Action.

16. The Court finds that during the course of the Action, Releasors and the BP Releasees and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

17. Separate orders shall be entered to approve (a) Plaintiffs' proposed Plan of Allocation, and (b) plaintiffs' Counsel's application for fees and reimbursement of litigation expenses and incentive awards to named plaintiffs as allowed by the Court. Such orders shall not disturb or affect any of the terms of this Final Order and Judgment.

18. Data provided by Class Members in connection with the submission of claims will be held in strict confidence, available only to the Claims Administrator, Lead Counsel,

experts or consultants acting on behalf of the Class, and if necessary in the determination of Lead Counsel, outside counsel for BP, and BP's outside experts. If necessary to resolve a dispute about the claim, such data may also be disclosed to Court personnel. In no event will a Class Member's data be made publicly available, including to any other market participant or BP personnel, except as provided for herein or upon Court Order for good cause shown.

19. Without further order of the Court, Plaintiffs, Lead Counsel and BP may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

20. There is no just reason for delay in the entry of this Final Order and Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Dated: February 10, 2010

/s/ James B. Zagel___________________________
HON. JAMES B. ZAGEL, U.S.D.J.